# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY STAMPER-MURRAY, et ux.,** | : | Civil No. 1:14-CV-1360 |
| | : | |
| Plaintiff | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **U.D.H. MANAGEMENT CORPORATION, d/b/a, HAMPTON INN HARRISBURG, EAST,** | : | |
| | : | |
| | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.   Introduction

This case, which comes before us for resolution of a defense motion for summary judgment, arises out of an August 2013 slip and fall accident at the Hampton Inn-Harrisburg East, an accident which the plaintiff alleges resulted from her stumbling over an uneven sidewalk outside this hotel. (Doc. 1.) The defendant has moved for summary judgment in this case, arguing as a matter of law that it cannot be said that the accident was caused by this uneven sidewalk. (Doc. 14.) For the reasons set forth below, we disagree, and conclude that the issue of causation in

this case presented a disputed question of fact for trial. Therefore, it is recommended that this motion for summary judgment be denied.

## II. Statement of Facts and of the Case[1]

With respect to the cause of this accident, the disputed facts of record in this case reveal the following: On the morning of August 19, 2013, Mary Stamper-Murray was walking on the concrete sidewalk between the Hampton Inn Hotel and parking lot when she slipped and fell, suffering the injuries that are at issue in this case. As she walked along the sidewalk Mrs. Stamper-Murray initially did not observe any irregularities in the sidewalk, but immediately upon falling as she lay bleeding on the pavement she felt the sidewalk where she had fallen and observed that it was uneven with slabs of concrete which had separated and were out of alignment. Other evidence also supports the fact that the sidewalk was uneven at the site where Mrs. Stamper-Murray fell and that this unsafe condition was well known. Specifically, several Hampton Inn employees testified that the sidewalk was uneven at the location outside the hotel where the plaintiff fell, and described the uneven pavement as a longstanding condition at the hotel.

Nonetheless this evidence, seizing upon the fact that Mrs. Stamper-Murray did

---

[1] This statement of facts is derived from the competing factual statements submitted by the parties with respect to this summary judgment motion and accompanying exhibits. (Docs. 15 and 17.)

not initially observe any hazard on the sidewalk but only identified the uneven footing once she had fallen, the defendants have moved for summary judgment in this case, arguing that the plaintiff's allegations that her injuries were caused by the uneven pavement are so wholly speculative that the defense is entitled to a judgment as a matter of law in this case. (Doc. 14.) This motion is fully briefed by the parties, (Docs. 15-18.), and is, therefore, ripe for resolution.

For the reasons set forth below, it is recommended that the motion for summary judgment be denied.

## II. Discussion

### A. Rule 56–The Legal Standard

The defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides that the court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P., Rule 56 (a). Through summary adjudication a court is empowered to dispose of those claims that do not present a "genuine issue as to any material fact," Fed. R. Civ. P. 56, and for which a trial would be "an empty and unnecessary formality." Univac Dental Co. v. Dentsply Int'l, Inc., No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. Anderson, 477 U.S. at 249. There must be more than a scintilla of evidence

supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In making this determination, the court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

### B. Disputed Factual Issues Preclude Summary Judgment in this Case

In this case we find that disputed material issues of fact preclude summary judgment in favor of the defendants. As a federal court exercising diversity jurisdiction in this case, we are obliged to apply the substantive law of Pennsylvania to this dispute. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d. Cir. 2000). Construing this case under settled Pennsylvania tort law, in order to establish a cause of action for negligence, a plaintiff must prove the following elements: (1) a duty or obligation to the plaintiff recognized by law; (2) a breach of that duty to the plaintiff; (3) a causal connection between the conduct and plaintiff's resulting injury; and (4) actual damages suffered by the plaintiff. Pittsburgh Nat'l Bank v. Perr, 637 A.2d 334, 336 (Pa. Super. Ct. 1994).

Here the defendants seek summary judgment on this negligence claim, arguing that the plaintiff has adduced no proof that the uneven sidewalk caused her to fall,

and asserting that the plaintiff's case, therefore, fails on the crucial element of causation. We note that such arguments are a commonplace feature of Pennsylvania tort practice in slip and fall cases, with defendants frequently inviting courts to find as a matter of law that plaintiffs have failed to prove that an unsafe sidewalk cause their accident and injury. Yet, such invitations, while frequently made by defendants, are rarely embraced by the courts, which often find that the issue of causation in a slip and fall accident presents a disputed question of fact rather than an immutable issue of law. See e.g., Mieloch v. Hess Corp., No. CIV.A. 12-7104, 2014 WL 772442, at *3 (E.D. Pa. Feb. 27, 2014); Sarver v. Sherwin Williams Co., No. CIV.A. 12 02702, 2013 WL 3939539, at *5 (E.D. Pa. July 31, 2013)(denying summary judgment); Jung v. Marriott Hotel Servs., Inc., No. CIV.A. 09 4955, 2010 WL 4703543, at *4 (E.D. Pa. Nov. 19, 2010)(denying summary judgment since there is a material issue of fact as to whether conditions were generally slippery at the time of Ms. Jung's fall or whether Ms. Jung slipped on a discrete patch of ice); Lowe v. Pirozzi, No. CIV.A. 05-5048, 2006 WL 1147238, at *3 4 (E.D. Pa. Apr. 26, 2006); Meddick v. Brookdale Resort, Inc., 878 F. Supp. 696, 698 (M.D. Pa. 1995)(denying summary judgment); McCoy v. Marriott Corp., 91 F.R.D. 610, 612 (E.D. Pa. 1981)(denying summary judgment since the location of the fall presents a material issue of fact which precludes summary judgment).

These cases describe for us the guiding principles which define Pennsylvania law in this field. At the outset:

> Specifically with respect to walking surfaces, Pennsylvania law provides that it is the duty of business owners to keep walking surfaces in a reasonably safe condition for travel by the public. Mull v. Ickes, 994 A.2d 1137, 1140 (Pa.Super.Ct.2010). Business owners also have a duty to warn invitees or visitors of latent defects or dangers which they knows exist or should have known existed in the exercise of reasonable care. Ozer v. Metromedia Rest. Gp., No. 04–940, 2005 U.S. Dist. LEXIS 3447, at *20, 2005 WL 525400 (E.D.Pa. March 7, 2005) (citing Watkins v. Sharon Aerie Fraternal Order of Eagles, 423 Pa. 396, 223 A.2d 742, 743 (Pa.1966)). Whether a business owner has complied with this duty is determined on a case by case basis after looking at all of the surrounding circumstances. Mull, 994 A.2d at 1140.

Mieloch v. Hess Corp., No. CIV.A. 12 7104, 2014 WL 772442, at *3 (E.D. Pa. Feb. 27, 2014).

Furthermore, Pennsylvania tort law adopts a pragmatic approach to issues of causation in slip and fall cases, an approach which recognizes that these questions of causation often present disputed issues of fact for trial. Thus, under Pennsylvania law:

> It is axiomatic that the mere happening of an accident is not evidence of negligence. Freund v. Hyman, 103 A.2d 658, 659 (Pa.1958); Swift v. Northeastern Hospital of Philadelphia, 690 A .2d 719, 722 (Pa.1997). Indeed, to establish a case of negligence, a plaintiff must prove, among other elements, a causal connection between a breach of duty and the resulting injury. Redland Soccer Club, Inc. v. Dep't of the Army of the United States, 55 F.3d 827, 851 (3d Cir.1995); Morena v. South Hills Health Systems, 462 A.2d 680, 684 n. 5 (Pa.1983). Stated differently, a plaintiff's claim will fail unless she can show that the defendant's

conduct was the proximate cause of her injury. Hamil v. Bashline, 392 A.2d 1280, 1284 (Pa.1978); Cuthbert v. Philadelphia, 209 A.2d 261 (Pa .1965). Proximate cause need not be proved by direct evidence; a plaintiff may use circumstantial evidence to do so. Galullo v. Federal Express Corp., 937 F.Supp.2d 392 (E.D.Pa.1996). In determining whether a defendant's negligence is the proximate cause of a plaintiff's injury, Pennsylvania has adopted the "substantial factor" test set forth in the Restatement of Torts. Under this test, a defendant's negligent conduct is not the proximate cause of plaintiff's injury unless "the alleged wrongful acts were a substantial factor in bringing about the plaintiff's harm." E.J. Stewart, Inc. v. Aitken Prods., Inc., 607 F.Supp. 883, 889 (E.D.Pa.1985), aff'd, 779 F.2d 42 (3d Cir.1986). "What is required is evidence, which means some form of proof; and it must be evidence from which reasonable persons may conclude that, upon the whole, it is more likely that the event was caused by negligence than it was not." Hamil, 392 A.2d at 1285; see also W.P. Keeton et al., Prosser and Keeton on Torts § 39, at 242 (5th ed.1984); Farnese v. Southeastern Pennsylvania Transp. Auth., 487 A.2d 887, 889 (Pa.Super.1985) (quoting Flagiello v. Crilly, 187 A.2d 289 (Pa.1983)); Smith v. Bell Tel. Co., 397 Pa. 134, 153 A.2d 477 (Pa.1959) (requiring plaintiff to establish sufficient facts for jury to conclude preponderance favors liability). Importantly, although the issue of proximate cause is a question of law, the Pennsylvania Supreme Court has instructed that the question of whether a defendant's conduct was a substantial or an insignificant cause of a plaintiff's harm "should not be taken from the jury if the jury may reasonably differ" as to the question. Ozer v. Metromedia Rest. Group, 2005 U.S. Dist. LEXIS 3447, *11-*12 (E.D.Pa.2005); Ford v. Jeffries, 474 Pa. 588, 379 A.2d 111 (Pa.1977); see also Redland Soccer Club, 55 F.3d at 827 (proximate cause is traditionally an issue for the jury). Pennsylvania courts also have stated with equal clarity that a jury may draw inferences from the evidence presented to determine whether the facts support a finding of causation. See First v. Zem Zem Temple, 686 A.2d 18, 21 (Pa.Super.Ct.1996) ("[I]t is enough that there be sufficient facts for the jury to say reasonably that the preponderance favors liability."). Conventional case law instructs that inconsistencies in a witness's testimony should be left to a jury to decide. Strother v. Binkele, 389 A.2d 1186, 1191 (Pa.Super.Ct.1978).

Lowe v. Pirozzi, No. CIV.A. 05-5048, 2006 WL 1147238, at *3 4 (E.D. Pa. Apr. 26, 2006).

Adopting this pragmatic approach, and mindful of the fact that these questions of causation should not be lightly taken from a jury, courts have rejected precisely the claim made here by the defendant, the argument that some measure of initial uncertainty voiced by an injured plaintiff regarding the precise cause of her accident and injury defeats the plaintiff's negligence claim, where the plaintiff's testimony taken as a whole identifies an unsafe condition on the defendant's property as the cause of her injuries. See Lowe v. Pirozzi, No. CIV.A. 05-5048, 2006 WL 1147238, at *3 4 (E.D. Pa. Apr. 26, 2006)(denying summary judgment); Meddick v. Brookdale Resort, Inc., 878 F. Supp. 696, 698 (M.D. Pa. 1995)(denying summary judgment) citing McMillan v. Mountain Laurel Racing Inc., 240 Pa. Super. 248, 253-54, 367 A.2d 1106, 1108-09 (1976). Indeed, we note that only in the most extreme of cases, such as where the plaintiff is unable to state which of a number of multiple possible causes led to her fall, see DeBiase v. Hersheypark, No. 4:06-CV-1278, 2007 WL 4095611 (M.D. Pa. Nov. 15, 2007), does this uncertainty become sufficiently great to justify summary judgment in favor of a defendant.[2]

---

[2]In this regard, we conclude that the defendants' reliance upon DeBiase is misplaced in the instant case. Unlike the *pro se* plaintiff in DeBiase who presented the question of causation as a multiple choice hypothetical, here the

Given these legal guideposts, we find that the question of causation in this particular case presents a disputed issue of fact for a jury to resolve. While the plaintiff's testimony undeniably presents some uncertainty regarding this issue, her statement that immediately upon falling as she lay bleeding an injured on the sidewalk she determined that the footing beneath her was uneven and concluded she had fallen due to this uneven sidewalk is, in our view, sufficient to allow a jury to draw a causal inference. Indeed, similar assertions by other plaintiffs have in the past been found sufficient to create a question of fact for trial. See Meddick v. Brookdale Resort, Inc., 878 F. Supp. 696, 698 (M.D. Pa. 1995)(denying summary judgment) citing McMillan v. Mountain Laurel Racing Inc., 240 Pa. Super. 248, 253-54, 367 A.2d 1106, 1108-09 (1976).

In short, the uncertainties in the plaintiff's testimony on this score do not, in our view, eliminate a disputed issue of fact concerning causation. Rather, those uncertainties define the factual question to be resolved at trial. Since we conclude that this issue of causation should be determined as a matter of fact, at trial, rather

---

plaintiff has consistently stated that she did not identify the cause of her fall until immediately after the fall when she found herself lying, bloodied and injured, atop uneven sidewalk slab. Such proof under Pennsylvania law is sufficient to create a factual question for the jury to resolve. Meddick v. Brookdale Resort, Inc., 878 F. Supp. 696, 698 (M.D. Pa. 1995)(denying summary judgment) citing McMillan v. Mountain Laurel Racing Inc., 240 Pa. Super. 248, 253-54, 367 A.2d 1106, 1108-09 (1976).

than as a question of law on summary judgment, it is recommended that the defendants' summary judgment motion be denied.

### III.  Recommendation

Accordingly, for the forgoing reasons, IT IS RECOMMENDED that the defendants' motion for summary judgment, (Doc. 14.),  be DENIED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 2d day of June 2015.

<div style="text-align: right">

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

</div>